# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY McCRARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-573-M |
| | ) | |
| JUSTIN JONES, Director ODOC; | ) | |
| ERIC FRANKLIN, Warden LARC; | ) | |
| LEON WILSON, Manager- | ) | |
| Business Office, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, filed an amended complaint under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, et. seq., and Oklahoma law alleging that Defendants violated his constitutional and statutory rights. Doc. 27. United States Chief District Court Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Defendants filed the court-ordered Special Report, Doc. 22, and a motion to dismiss. Doc. 31. Despite the undersigned's granting him an extension of time, Doc. 36, Plaintiff did not respond.

The undersigned recommends that the court dismiss, without prejudice, (1) Plaintiff's official-capacity claims for monetary and retrospective declaratory relief under the Eleventh Amendment, and (2) the

official-capacity claims for prospective injunctive and declaratory relief based on Plaintiff's lack of standing. The court should dismiss the individual-capacity claims, with prejudice, because (3) RLUIPA precludes suit against Defendants in their individual capacities, and (4) qualified immunity shields Defendants from Plaintiff's constitutional claims.[1] With these recommendations, the court should (5) decline pendent jurisdiction over Plaintiff's related state-law claims and (6) dismiss those claims without prejudice.

I. **Plaintiff's claims.**

Pursuant to Oklahoma Department of Corrections (ODOC) Policy OP-030112, Attachment C, prison officials may temporarily suspend an inmate from his religious diet plan if he is found "consum[ing] or possess[ing] any food that is not consistent" with the relevant diet. Doc. 27, at 4; *see* Doc. 31, Ex. 1, at 18.[2] Plaintiff, a "devout Muslim," alleges that: (1) this policy provision is unconstitutional and violates RLUIPA, (2) Defendant Wilson removed him from the "Halal diet" in October 2012 for possessing "non meat

---

[1] With this recommendation, the undersigned has elected not to address Defendants' remaining arguments for dismissal.

[2] The undersigned's page citations refer to this Court's CM/ECF pagination.

flavored Ramen Noodles," and (3) Defendants Jones and Franklin sanctioned the action. Doc. 27, at 4, 11-15.³

## II. Defendants' motion to dismiss the official-capacity claims.

Plaintiff names all three Defendants – officials at the ODOC and Lexington Assessment and Reception Center (LARC) – in their official capacities – and seeks monetary, declaratory, and injunctive relief. *Id.* at 1-2, 17. In their official capacities, Defendants (1) assert Eleventh Amendment immunity and (2) argue that Plaintiff lacks standing to seek prospective relief. Doc. 31, at 14-16, 18-24. The undersigned finds that dismissal is warranted for both reasons.

### A. Standard of review.

The standard of review depends on the character of Defendants' motion to dismiss.

---

³ Citing Plaintiff's amended complaint at Doc. 27 ¶ 21, Defendants interpret Plaintiff's claim as alleging that being required to *sign* OP-030112 violates Plaintiff's rights. Doc. 31, at 11 ("He recently supplemented his argument that his removal from the [H]alal diet substantially burdened his religion . . . to also include a claim that the requirement he sign a 'contract' with the DOC stating he will follow his religious tenets substantially burdens his religion . . . .") (internal citations omitted). The undersigned does not read the amended complaint to include such a claim.

3

### 1. Defendants' facial attack.

For the official-capacity claims involving monetary and retrospective declaratory relief, Defendants present a facial attack on the amended complaint, questioning its sufficiency but not the veracity of factual allegations upon which subject matter may depend. Doc. 31, at 14-16; *see Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (explaining the distinction between "facial" and "factual" attacks on subject-matter jurisdiction). Under these circumstances, the court presumes that the factual allegations in Plaintiff's amended complaint are true. *See Holt*, 46 F.3d at 1002.

### 2. Defendants' factual attack.

For the official-capacity claims involving prospective injunctive and declaratory relief, Defendants also challenge the facts upon which subject-matter jurisdiction depends. Doc. 31, at 14-16, 18-24. Under this "factual attack," the court "may not presume the truthfulness of the [amended] complaint's factual allegations." *Holt*, 46 F.3d at 1003. Instead, the court "must make its own findings of fact." *Castro v. Kondaur Capital Corp.*, 541 F. App'x 833, 836 (10th Cir. 2013) (citations omitted). In doing so, the court retains "wide discretion" to rely on materials outside the pleadings and the "court's reference to evidence outside the pleadings does not convert the

motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Holt*, 46 F.3d at 1003; *see also Castro*, 541 F. App'x at 836.

Plaintiff bears the burden to establish that this Court has jurisdiction. *See Hobby Lobby Stores v. Sebelius*, 723 F.3d 1114, 1184-85 (10th Cir. 2013) (en banc) ("As the party invoking federal jurisdiction, [Plaintiff] bears the burden of establishing [his] standing.") (internal quotes, brackets, and citation omitted). So, once Defendants factually attack jurisdiction under Rule 12(b)(1), Plaintiff must "present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001); *see also Hobby Lobby Stores*, 723 F.3d at 1185 (noting that plaintiff must establish standing "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation").

### B. Plaintiff's claims for monetary relief.

"Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks and citation omitted). So, the official-capacity suit against Defendants in this case amounts to, in essence, a suit against the State of Oklahoma.

Unless the State unequivocally waives its Eleventh Amendment immunity, it prevents an award of money damages against the State of Oklahoma. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ("Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so."). Oklahoma has not waived sovereign immunity for RLUIPA or § 1983 claims. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."); *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citation omitted) ("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). So, the Eleventh Amendment bars Plaintiff's claims for monetary relief against Defendants in their official capacities and, on this issue, the court should grant Defendants' motion to dismiss without prejudice. *See Wauford v. Richardson*, 450 F. App'x 698, 699 (10th Cir. 2011) (holding that claims dismissed under the Eleventh Amendment "should have been dismissed without prejudice").

## C. Plaintiff's claims for prospective injunctive relief.

Plaintiff also seeks injunctive relief, asking the court to order Defendants to "[i]mmediately chang[e]" practices and discontinue violating his constitutional and statutory rights. Doc. 27, at 17. Such relief is "prospective" because it is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citations omitted). The Eleventh Amendment permits official-capacity claims for prospective injunctive relief. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment purposes."). Recognizing this, Defendants argue instead that Plaintiff lacks standing to pursue official-capacity claims for prospective injunctive relief. Doc. 31, at 18-23. The undersigned agrees.

"'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) (brackets and citation omitted). And "'[o]ne element of the case-or-controversy requirement' is that plaintiffs 'must

establish that they have standing to sue.'" *Id.* (citation omitted). To assert standing on his claim for prospective injunctive relief, Plaintiff must show, in relevant part, that he is suffering an actual injury that will be "'redressable by a favorable ruling.'" *Id.* at 1147 (citation omitted). Critically, Plaintiff's "'threatened injury must be *certainly impending* to constitute injury in fact,' and . . . 'allegations of *possible* future injury' are not sufficient." *Id.* (brackets and citation omitted); *see also Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1210 (10th Cir. 2014) ("When prospective relief − such as an injunction − is sought, 'the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future.'") (citation omitted).

When prison officials temporarily suspend an inmate's participation in a religious diet for a rules violation, ODOC Policy OP-030112 requires the inmate to submit a new religious diet request form for reinstatement. Doc. 31, Ex. 1, at 10. Defendants present evidence that after Plaintiff's suspension from the Halal diet in October 2012 – over two years ago − he has not again requested placement on the Halal diet and is therefore not currently participating in the religious diet. *Id.* Ex. 2. Plaintiff did not respond to dispute this evidence, which establishes that Plaintiff is not suffering a

8

continuing injury under the relevant policy. Nor has he alleged an immediate threat of future injury.

Because a favorable ruling on Plaintiff's claims for prospective injunctive relief would not redress any actual injury, the court should find that Plaintiff lacks standing on this issue. *See Clapper*, 133 S. Ct. at 1148 (holding that plaintiffs' "speculative fear" regarding future injury did not establish standing for their request for prospective injunctive relief); *see also Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009) (affirming the district court's dismissal of plaintiffs' request for prospective injunctive relief – plaintiffs were suing over a past injury to which they were no longer subject, and thus they lacked standing "to seek prospective relief" because "'past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects'") (citations and ellipsis omitted). So, the court should grant Defendants' motion to dismiss the official-capacity claims for prospective injunctive relief without prejudice. *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 892 (10th Cir. 2011) (holding that the district court erred in dismissing plaintiff's claims for prospective injunctive relief with prejudice based on a lack of standing, and remanding the case so that the

9

district court could "instead . . . dismiss them without prejudice for lack of standing").

**D. Plaintiff's claims for declaratory relief.**

Official-capacity claims for declaratory relief fall into two categories: retrospective or prospective. *See Green*, 474 U.S. at 68 (discussing equitable declaratory relief). Plaintiff's request that the court declare that Defendants violated his rights when they removed him from his religious diet, Doc. 27, at 16, is retrospective because it is "related solely to past violations of federal law." *Green*, 474 U.S. at 67; *see also Winsness v. Yocom*, 433 F.3d 727, 735 (10th Cir. 2006) ("[W]e treat declaratory relief as retrospective 'to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred.'" (citation omitted)). The Eleventh Amendment bars retrospective claims for declaratory relief. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004) ("As the district court correctly held, the claims for back pay, monetary damages, and retrospective declaratory relief are barred by the Eleventh Amendment.").

Conversely, Plaintiff's request that the court declare that Defendants *are* violating his rights, Doc. 27, at 17, is prospective because it seeks to end a continuing violation of federal law. *See Green*, 474 U.S. at 68; *see also Winsness*, 433 F.3d at 735 ("We have noted that 'a declaratory judgment is

generally prospective relief[.]'" (citation omitted)). As noted above, Plaintiff lacks standing to pursue prospective relief. *See supra* § II(C); *see also Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1159 (10th Cir. 2005) (reversing the district court, and dismissing plaintiff's case for lack of "Article III standing," where plaintiff could not show that "a favorable declaratory judgment" would redress any injury).

### III. Defendants' motion to dismiss the individual-capacity claims.

In their individual capacities, Defendants argue that RLUIPA does not provide a cause of action for individual-capacity claims. Doc. 31, at 16. And Defendants ask the court to dismiss Plaintiff's constitutional claims based in part on qualified immunity. *Id.* at 27-28. The undersigned recommends that the court grant dismissal on both grounds.

#### A. Standard of review.

In ruling on Defendants' 12(b)(6) motion to dismiss, the court "'must accept all the well-pleaded allegations of the [amended] complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's amended "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

### B. Defendants' RLUIPA defense.

Defendants seek dismissal on grounds that RLUIPA does not provide an individual-capacity cause of action. Doc. 31, at 16. They are correct. *See Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012) ("[T]here is no cause of action under RLUIPA for individual-capacity claims."). So, the court should dismiss Plaintiff's individual-capacity claims arising under RLUIPA with prejudice.

### C. Defendants' qualified-immunity defense.

"Qualified immunity protects officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas*, 765 F.3d at 1194 (citation omitted). "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Id*.

Because Defendants raised this defense, Plaintiff now "bears a heavy two-part burden[.]" *Id.* (citation omitted). First, he must show that Defendants' actions "violated a constitutional or statutory right[.]" *Id.* (citation omitted). Second, Plaintiff must establish that "the right was

12

'clearly established at the time of the conduct at issue.'" *Id.* (citation omitted). "A right is clearly established in this circuit 'when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains.'" *Id.* (citation omitted).

The court has discretion to determine which prong should be addressed first, and if Plaintiff fails at either prong, the review is complete. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010). The undersigned elects to address the clearly-established prong first, and finds that Plaintiff has not satisfied his heavy burden of demonstrating that in October 2012 it was clearly established that removing him from his Halal diet as a sanction for possessing non-Halal foods violated the federal constitution.

The undersigned finds no Supreme Court or Tenth Circuit opinion holding that prison officials violate the First Amendment when they suspend an inmate's religious diet based on his possession or consumption of food that does not conform to the relevant diet.[4] Other circuit courts addressing

---

[4] In fact, addressing a prison's "ample ability to maintain security" under RLUIPA's substantial religious protections, the Supreme Court recently held that "even if a claimant's religious belief is sincere, an institution might be entitled to withdraw an accommodation if the claimant abuses the exemption

similar policy sanctions under the First Amendment have found no constitutional violation. *See Brown-El v. Harris*, 26 F.3d 68, 69-70 (8th Cir. 1994) ("Rather than burdening Ramadan worshippers, the [prison] policy allows full participation in the fast and removes from the procedures only those worshippers who choose to break the fast."); *Laurensau v. Romarowics*, 528 F. App'x 136, 139 n.1 (3d Cir. 2013) ("[D]efendants' conduct in removing [the inmate] from the Kosher diet [for eating non-Kosher meals] was reasonable."); *Blick v. Lehman*, 175 F. App'x 794, 794 (9th Cir. 2006) (affirming dismissal of plaintiff's First Amendment claim where he violated the religious meal diet, holding that "the prison reasonably suspended his rights to kosher meals" for thirty days).[5] Finally, in January 2013, this Court

---

in a manner that undermines the prison's compelling interests." *Holt v. Hobbs*, __ U.S. __, No. 13-6827, 2015 WL 232143, at *11 (U.S. Jan. 20, 2015).

[5] In 2009, in an unpublished case, the Sixth Circuit held that an inmate's removal from a Kosher meal program for possessing non-Kosher food did not violate the First Amendment. *See Berryman v. Granholm*, 343 F. App'x 1, 4-5 (6th Cir. 2009). Then in 2010, the Sixth Circuit questioned whether the First Amendment permitted such a policy sanction. *See Colvin v. Caruso*, 605 F.3d 282, 296-97 (6th Cir. 2010). On remand, the district court found that the prison's "zero tolerance" policy violated the First Amendment. *Colvin v. Caruso*, 852 F. Supp. 2d 862, 867-68 (W.D. Mich. 2012). The court nevertheless granted defendants qualified immunity, *id.* at 868, and there is no indication that either side appealed to the Sixth Circuit. *See also Kuperman v. Warden, N.H. State Prison*, No. 06-cv-420-JL, 2009 WL 4042760, at *6 (D.N.H. Nov. 20, 2009) (unpublished order) (noting that the question of whether prisons may sanction an inmate with removal from a

rejected an almost identical claim arising under the First Amendment, holding that OP-030112, Attachment C's sanctions are "reasonably related to [O]DOC's legitimate interests" and "provide[] only narrowly-defined and temporary consequences." *Harmon v. Jones*, No. CIV-03-1465-W, 2013 WL 56146, at *2 (W.D. Okla. Jan. 3, 2013) (unpublished order) (finding "Attachment C is designed to prevent abuse of [O]DOC's religious diet policy").

As noted above, the question on the second qualified-immunity prong is not whether Defendants' conduct violated the federal constitution, but whether it was *clearly established* in October 2012 that such action would violate Plaintiff's rights. In sum, neither the Supreme Court, Tenth Circuit, nor the weight of authority from other courts in October 2012 "squarely" held that a prison official violates the First Amendment in temporarily suspending an inmate from his religious diet as a sanction for possessing or consuming non-religious foods. *Lynch v. Barrett*, 703 F.3d 1153, 1161 (10th Cir. 2013) ("[Q]ualified immunity shields official action unless controlling precedent squarely holds the challenged action unlawful; rather 'in the light of pre-existing law the unlawfulness must be apparent.'") (quoting *Hope v. Pelzer*,

---

religious diet for possessing non-religious food "remains open" under the First Amendment).

536 U.S. 730, 739 (2002)). So, on Plaintiff's claims arising under the First Amendment, the undersigned finds that qualified immunity shields Defendants, and the court should grant their motion to dismiss these claims with prejudice. *See Clark*, 625 F.3d at 692 (instructing the district court to grant defendants' motion to dismiss based on qualified immunity "with prejudice").

## IV. Disposition of Plaintiff's state-law claims.

Plaintiff also raises claims implicating the Oklahoma constitution and the Oklahoma Religious Freedom Act. Doc. 27, at 15. "[P]endent jurisdiction over state claims 'is exercised on a discretionary basis,'" and, generally, "'if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction . . . .'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (internal quotation marks and citations omitted). Because Defendants are entitled to dismissal on all of Plaintiff's federal claims, the undersigned recommends that the court decline pendent jurisdiction over Plaintiff's state-law claims, dismissing them without prejudice, so that Plaintiff may pursue them in a more appropriate state forum. *See id.* (holding that when deciding not to exercise pendent jurisdiction, the court should dismiss the state-law claims "without prejudice").

16

## V. Recommendation and notice of right to object.

The court should dismiss Plaintiff's official-capacity claims without prejudice. (1) For Plaintiff's claims for monetary and retrospective declaratory relief, Defendants are entitled to Eleventh Amendment immunity, and (2) Plaintiff lacks standing on his claims for prospective injunctive and declaratory relief.

The court should dismiss the individual capacity claims with prejudice because (3) RLUIPA precludes suit against Defendants in their individual capacities and (4) qualified immunity shields them from the constitutional claims. Finally, the court should (5) decline pendent jurisdiction over Plaintiff's state-law claims and (6) dismiss those claims without prejudice.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by February 15, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.

ENTERED this 26th day of January, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE